122, (1917).] Assignment of Errors—Opinion of the Court.

*Errors assigned* were various rulings on evidence and instructions.

*John T. Lenahan,* with him *Joseph H. Jones* and *Adrian H. Jones,* for appellants.

*John H. Bigelow,* with him *C. W. Kline,* for appellees.

PER CURIAM, July 13, 1917:

---

# Scranton *v.* Highfield, Appellant.

*Judgment—Opening judgment—Evidence—Discretion of court.*
An order refusing to open a judgment entered for want of an affidavit of defense will not be reversed, where the court below finds from competent evidence that the defendant's claim that he was ill at the time affidavit was to be filed is not true, and that the claim of payment is not sustained by the proofs.

Argued March 8, 1917. Appeal, No. 17, March T., 1917, by defendant, from order of C. P. Lackawanna Co., March T., 1915, No. 786, discharging rule to open judgment in case of Grace F. Scranton v. George Highfield.

Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEP-HART, TREXLER and WILLIAMS, JJ.   Affirmed.

Rule to open judgment.

The court filed the following opinion:

Defendant was sued on his promissory note and the cause went to judgment against him by default for want of an affidavit of defense.   He moves to take off the default and thus assumes the burden not only of excusing his apparent laches but also of showing merits.   That he fails in both is the unavoidable conclusion.   Illness that confined him to his home in Waverly is the ground alleged to account for his failure to take defense at the proper time.   It is enough to say of this that the proofs utterly fail to sustain the allegation.

The same is true on the other branch of the case.   To give color of payment he is driven to assert a collateral agreement, wholly in parol, antedating the note by a year and a half.   The subject-matter was the rental of premises claimed to have been held by plaintiff under him at ten dollars per month to be applied on the note.   But the undisputed fact is that she lived with her invalid mother as a member of her family and that the premises had been demised by defendant to the mother as an entirety at twenty-five dollars per month, which was regularly paid.   The entire apartment not only passed by the demise to the old lady, but the receipts purport to be in full.   It is not pretended that any specific part of the premises was ever demised to plaintiff.   When he exercised his right to terminate the tenancy defendant gave formal notice to the old lady for the whole thing; none whatever to plaintiff.   In what tenement, therefore, plaintiff could have had any leasehold rights is beyond comprehension.   Hence, if the claim stood on defendant's uncontradicted testimony his alleged agreement would seem to present a case of nudum pactum.   Needless to say it is emphatically contradicted by plaintiff and wholly irreconcilable with the docu-

123, (1917).] Opinion of Court below—Opinion of the Court.
mentary evidence in the case. A plea of payment cannot be sustained in that way.

Counsel have called attention to an error whereby the judgment was taken for fifty dollars in excess of the claim, with an agreement to have it corrected at this time. Correction is accordingly made so that the judgment shall stand for four hundred forty-seven and 20-100 dollars ($447.20) with interest from the date of entry, viz: August 6, 1915, and thereupon the rule to show cause is discharged.

*Error assigned* was order discharging the rule.

*L. P. Wedeman*, for appellant.

*Warren, Knapp, O'Malley & Hill*, for appellee.

PER CURIAM, July 13, 1917:

The opinion of the court below is a convincing answer to the argument of the appellant in this case, and there being nothing in this record to clearly show that the court below abused its discretion in refusing to open the judgment under the circumstances of the case, the order made is affirmed.